JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Cynthia Brown | Chavis Dorsey, et al., |

| **(b)** County of Residence of First Listed Plaintiff | New Castle County, DE | County of Residence of First Listed Defendant | New Castle County, DE |
|---|---|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | | *(IN U.S. PLAINTIFF CASES ONLY)* | |
| | | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. | |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Simon & Simon, PC<br>18 Campus Blvd., Suite 100<br>Newtown Square, PA 19073 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 10/28/2022

SIGNATURE OF ATTORNEY OF RECORD
*Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Cynthia Brown - 102 Rosewood Dr., Newark, DE 19713 _____

Address of Defendant: Chavis-2400 N Broom St, Apt.410,Wilmington,DE 19802, Home Depots-3600 Miller Rd,Wilmington,DE 19802
U-Haul-2727 N Central Ave., Phoenix, AZ 85004

Place of Accident, Incident or Transaction: _____ Southbound on I-95, in Upper Chichester Township, PA. _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 10/28/2022 _____    *Marc Simon*    201798

                           *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
*(Please specify): _____*

**B.**    *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify): _____*
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Marc Simon _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ 10/28/2022 _____    *Marc Simon*    201798

                           *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cynthia Brown | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Chavis Dorsey, et al., | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 10/28/2022 | Marc Simon | Cynthia Brown |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-467-4666 | 267-639-9006 | MarcSimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cynthia Brown | : | |
| 102 Rosewood Dr. | : | |
| Newark, DE 19713 | : | #_____ |
|         Plaintiff | : | |
| v. | : | |
| | : | |
| Chavis Dorsey | : | |
| 2400 N Broom St., Apt. 410 | : | |
| Wilmington, DE 19802 | : | |
|         And | : | |
| The Home Depot, Inc. | : | |
| 3600 Miller Rd. | : | |
| Wilmington, DE 19802 | : | |
|         And | : | |
| Home Depot USA, Inc. | : | |
| 3600 Miller Rd. | : | |
| Wilmington, DE 19802 | : | |
|         And | : | |
| U-Haul International, Inc. | : | |
| 2727 N Central Ave. | : | |
| Phoenix, AZ 85004 | : | |
|         Defendant(s) | : | |

## COMPLAINT

## PARTIES

1.      Plaintiff, Cynthia Brown, is a resident of the State of Delaware, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, Chavis Dorsey, is a resident of the State of Delaware, residing at the address listed in the caption of this Complaint.

3.      Defendant, The Home Depot, Inc., is a corporate entity authorized to conduct business in the State of Delaware, with a business address listed in the caption of this Complaint.

4.      Defendant, Home Depot USA, Inc., is a corporate entity authorized to conduct business in the State of Delaware, with a business address listed in the caption of this Complaint.

5.      Defendant, U-Haul International, Inc., is a corporate entity authorized to conduct business in the State of Arizona, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Cynthia Brown, is a citizen of Delaware and the Defendant, Chavis Dorsey, is a citizen of Delaware, and the Defendants, The Home Depot, Inc. and Home Depot USA, Inc., upon information and belief are corporate entities with their principal place of business in Delaware and Defendant, U-Haul International, Inc., upon information and belief is a corporate entity with its principal place of business in Arizona and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

8.      On or about February 6, 2022, at or about 12:05 a.m., Plaintiff, Cynthia Brown, was the operator of a motor vehicle, which was traveling southbound on I-95, in Upper Chichester Township, PA.

9.      At or about the same date and time, Defendant, Chavis Dorsey, was the operator of a motor vehicle, rented by Defendants, The Home Depot, Inc. and Home Depot USA, Inc., from Defendant, U-Haul International, Inc., which was traveling at or around the aforementioned location of the Plaintiff's vehicle.

10.      At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

11.      At all times relevant hereto, Defendant, Chavis Dorsey, was operating the aforesaid Defendants, The Home Depot, Inc. and Home Depot USA, Inc.'s vehicle as an agent, servant and/or employee, acting within the scope of it's agency.

12.      The aforesaid motor vehicle collision was the result of Defendant, negligently, and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

13.      The aforesaid motor vehicle collision was a direct result of the negligence, and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

14.      As a result of the collision, Plaintiff suffered severe and permanent injuries, including to the lower back and right hip, as well as emotional distress, as are more fully set forth below.

## COUNT I
**Cynthia Brown v. Chavis Dorsey**
**Negligence**

15.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

16.     The negligence, and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a.  Striking Plaintiff's vehicle after attempting to enter into Plaintiff's lane of travel, causing the vehicle to spin out of control and strike the guardrail;

    b.  Operating his/her vehicle into Plaintiff's lane of travel;

    c.  Failing to maintain proper distance between vehicles;

    d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

    e.  Failing to have said vehicle under proper and adequate control;

    f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g.  Violation of the assured clear distance rule;

    h.  Failure to keep a proper lookout;

    i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

    j.  Being inattentive to his/her duties as an operator of a motor vehicle;

    k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.  Being otherwise careless and/or negligent under the circumstances.

17.   As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

aggravation of pre-existing conditions, including to the lower back and right hip, as well as emotional distress, all to Plaintiff's great loss and detriment.

18.      As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19.      As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20.      As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21.      As a direct result of the negligent, and/or careless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

22.      Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Cynthia Brown, prays for judgment in plaintiffs' favor and against Defendant, Chavis Dorsey, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
**Cynthia Brown v. The Home Depot, Inc.**
**Negligent Entrustment**

23.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

24.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

        a.   Permitting Defendant, Chavis Dorsey, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

        b.   Permitting Defendant, Chavis Dorsey, to operate the motor vehicle when Defendant, The Home Depot, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Chavis Dorsey, was capable of committing the acts of negligence set forth above;

        c.   Failing to warn those persons, including the Plaintiff, that Defendant, The Home Depot, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Chavis Dorsey's negligent operation of the motor vehicle; and

        d.   Otherwise negligently entrusting said vehicle to said individual Defendant, Chavis Dorsey.

25.     As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

aggravation of pre-existing conditions, including to the lower back and right hip, as well as emotional distress, all to Plaintiff's great loss and detriment.

26.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Cynthia Brown, prays for judgment in plaintiff's favor and against Defendant, The Home Depot, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Cynthia Brown v. The Home Depot, Inc.**
**Respondeat Superior**

30.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

31.     The negligence, and/or carelessness of the Defendant, The Home Depot, Inc., itself and by and through its agent, servant and/or employee, Defendant, Chavis Dorsey, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.  Striking Plaintiff's vehicle after attempting to merge into Plaintiff's lane of travel, causing the vehicle to spin out of control and strike a guardrail;

    b.  Operating his/her vehicle into Plaintiff's lane of travel;

    c.  Failing to maintain proper distance between vehicles;

    d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

    e.  Failing to have said vehicle under proper and adequate control;

    f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g.  Violation of the assured clear distance rule;

    h.  Failure to keep a proper lookout;

    i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

    j.  Being inattentive to his/her duties as an operator of a motor vehicle;

    k.  Disregarding traffic lanes, patterns, and other devices;

    l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

t.  Being otherwise careless and/or negligent under the circumstances.

32.  As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and right hip, as well as emotional distress, all to Plaintiff's great loss and detriment.

33.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

34.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

35.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36.     As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

37.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Cynthia Brown, prays for judgment in Plaintiffs' favor and against Defendant, The Home Depot, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT IV
**Cynthia Brown v. Home Depot USA, Inc.**
**Negligent Entrustment**

38.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

39.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

  a.   Permitting Defendant, Chavis Dorsey, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

  b.   Permitting Defendant, Chavis Dorsey, to operate the motor vehicle when Defendant, Home Depot USA, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Chavis Dorsey, was capable of committing the acts of negligence set forth above;

  c.   Failing to warn those persons, including the Plaintiff, that Defendant, Home Depot USA, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Chavis Dorsey's negligent operation of the motor vehicle; and

  d.   Otherwise negligently entrusting said vehicle to said individual Defendant, Chavis Dorsey.

40.     As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and right hip, as well as emotional distress, all to Plaintiff's great loss and detriment.

41.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

42.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

43.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

44.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, <u>et. Seq.</u>, as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Cynthia Brown, prays for judgment in plaintiff's favor and against Defendant, Home Depot USA, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## <u>COUNT V</u>
### Cynthia Brown v. Home Depot USA, Inc.
### Respondeat Superior

45.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

46.     The negligence, and/or carelessness of the Defendant, Home Depot USA, Inc., itself and by and through its agent, servant and/or employee, Defendant, Chavis Dorsey, acting

at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.  Striking Plaintiff's vehicle after attempting to merge into Plaintiff's lane of travel, causing the vehicle to spin out of control and strike a guardrail;

    b.  Operating his/her vehicle into Plaintiff's lane of travel;

    c.  Failing to maintain proper distance between vehicles;

    d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

    e.  Failing to have said vehicle under proper and adequate control;

    f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g.  Violation of the assured clear distance rule;

    h.  Failure to keep a proper lookout;

    i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

    j.  Being inattentive to his/her duties as an operator of a motor vehicle;

    k.  Disregarding traffic lanes, patterns, and other devices;

    l.  Driving at a high rate of speed which was high and dangerous for conditions;

    m.  Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

t. Being otherwise careless and/or negligent under the circumstances.

47.    As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and right hip, as well as emotional distress, all to Plaintiff's great loss and detriment.

48.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently

and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

49.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

50.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

51.     As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

52.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Cynthia Brown, prays for judgment in Plaintiffs' favor and against Defendant, Home Depot USA, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT VI
### Cynthia Brown v. U-Haul International, Inc.
### Negligent Entrustment

53.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

54.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

     a.   Permitting Defendant, Chavis Dorsey, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

     b.   Permitting Defendant, Chavis Dorsey, to operate the motor vehicle when Defendant, U-Haul International, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Chavis Dorsey, was capable of committing the acts of negligence set forth above;

     c.   Failing to warn those persons, including the Plaintiff, that Defendant, U-Haul International, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Chavis Dorsey's negligent operation of the motor vehicle; and

     d.   Otherwise negligently entrusting said vehicle to said individual Defendant, Chavis Dorsey.

55.     As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and right hip, as well as emotional distress, all to Plaintiff's great loss and detriment.

56.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently

and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

57.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

58.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

59.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Cynthia Brown, prays for judgment in plaintiff's favor and against Defendant, U-Haul International, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Marc Simon*
_____
Marc Simon, Esquire